IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BODA G. DRISKILL, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09-CV-1675 |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
|         Defendant. | ) | |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the plaintiff's motion for summary judgment (Docket No. 12) be denied; that the defendant's motion for summary judgment (Docket No. 14) be granted and that the decision of the Commissioner be affirmed.

II.    Report

Presently before the Court for disposition are cross motions for summary judgment.

On December 22, 2009, Boda G. Driskill, by his counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing his claim for a period of disability or for disability insurance benefits prior to October 8, 2006 under Sections 216(I) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(I) and 423.

On September 30, 2006, the plaintiff filed an application for disability benefits alleging that he had been disabled since December 9, 2004 (R.50-52), and benefits were granted as of October 8, 2006 (R.43-44). On March 27, 2007, the plaintiff requested a hearing (R.40) and

pursuant to that request a hearing was held on June 17, 2008 (R.299-319).  In a decision dated July 14, 2008, benefits were denied prior to October 8, 2006 (R.10-19), and on September 16, 2008, reconsideration was requested (R.9).  Upon reconsideration and in a decision dated November 4, 2009, the Appeals Council affirmed the prior determination (R.5-7). On December 22, 2009, the instant complaint was filed.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his burden of demonstrating that he was disabled within the meaning of the Social Security Act prior to October 8, 2006.  Richardson v. Perales, 402 U.S. 389 (1971); Adorno v.  Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

At the hearing held on June 17, 2008, (R.299-319) very little testimony was presented but rather a legal argument took place. However, at the hearing the plaintiff appeared with counsel (R.301) and testified that he was born on December 19, 1948 (R.302); that he has to ascend about twenty steps to enter his home (R.304); that he is retired and receives a pension from his

employer, a thirty percent disability pension from the Veterans' Administration and Social Security Disability payments with an onset date of October 8, 2006 ®. 304-307).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff was disabled prior to October 8, 2006.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. Section 423(d)(3).  These provisions are also applied for purposes of establishing a period of disability.  42 U.S.C. Section 416(i)(2)(A).

3

While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed.

The plaintiff was treated with spinal adjustments and trigger point therapy by John Matz, D.O. between June 7, 2000 and November 29, 2000 (R.252-256).

The plaintiff was treated at the Primary Care center between January 27, 1999 and August 16, 2004 for a cough attributed to environmental causes, bronchitis and a sinus congestion (R.248-251).

The plaintiff was treated between February 13, 1995 and April 25, 2005 by Dr. George Wahal who reported occasional treatment for a persistent cough and heel, left knee and back pain. The doctor observed that between 1997 and March 2002 the plaintiff did not have any orthopedic complaints. The latter complaint was attributed to a shoulder muscle strain (R.257-294).

In a report of a medical evaluation conducted on January 8, 2006, Dr. Wendy M. Helkowski diagnosed degenerative arthritis in the plaintiff's cervical spine, right wrist, both knees and lumbar spine; depression and post-traumatic stress disorder. It was noted that the plaintiff could occasionally lift up to three pounds, stand and walk for up to two hours and sit for up to eight hours with a sit/stand option (R.101-106).

The plaintiff was awarded Social Security disability benefits with an onset date of October 8, 2006 (R.43-44).

The plaintiff was hospitalized at the Veterans' Administration hospital from December 4, 2006 through December 6, 2006 for a post-traumatic stress disorder. He was regarded as totally disabled from any employment and advised to avoid all stress. Mild osteoarthritis of the plaintiff's knee was noted (R.90-100).

In a report of a residual mental capacity evaluation completed on February 13, 2007, an anxiety disorder and alcohol abuse in remission were noted. The limitations caused by these conditions varied from insignificant to moderately limiting. The conditions were said not to meet the requirements for a demonstration of a disability (R.151-166).

After reviewing the medical evidence and in a residual functional capacity assessment completed on February 14, 2007, it is noted that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, and stand or walk for two hours and sit for about six hours (R.167-173).

The plaintiff was treated at the VA Medical Center between May 25, 2005 and February 23, 2007. He received physical therapy for his right knee and wrist, and wrist supports. He was also treated with medication for pain, high cholesterol and depression and laser surgery for rosacea.

In reviewing a disability claim, in addition to considering the medical and vocational evidence, the Commissioner must consider subjective symptoms.  Baerga v. Richardson, 500 F.2d 309 (3d Cir. 1974).  As the court stated in Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971):

5

> Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof.

In Good v. Weinberger, 389 F. Supp. 350, 353 (W.D. Pa. 1975), the Court stated:

> Bittel seeks to help those claimants with cases that so often fall within the spirit-- but not the letter--of the Act.  That plaintiff did not satisfy the factfinder in this regard, so long as proper criteria were used, is not for us to question.

The applicable regulations require more explicit findings concerning the various vocational facts which the Act requires to be considered in making findings of disability in some cases.  The regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims.  In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity.  If not, then the severity of the plaintiff's impairment must be considered.  If the impairment is severe, then it must be determined whether he meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability.  If the impairment does not meet or equal the Listings, then it must be ascertained whether he can do his past relevant work.  If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file.  The finding of residual functional capacity is the key to the remainder of findings under the new regulations.  If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he can exert in engaging in work activity), and if his impairment enables him to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made.  If the facts of the

specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

> Based on the evidence presented, the Commissioner concluded:
>
> During the relevant period, December 9, 2004 and October 8, 2006, the claimant had the following medically determinable impairments: degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the right wrist and bilateral knee, osteoarthritis, diverticulosis, posttraumatic stress disorder, and generalized anxiety disorder..
>
> During the relevant period, December 9, 2004 through October 8, 2006, the claimant did not have an impairment or combination of impairments that significantly limited (or was expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments.
>
> * * *
>
> A review of the documentary evidence shows <u>no</u> objective medical evidence in the file to support the claimant's allegations of an inability to perform basic work-related functions during the relevant period December 9, 2004 to October 8, 2006. Treatment notes received from Dr. Wahal of Primary Care Center show claimant was seen from February 1996 through April 2005 for routine physical examinations and various complaints including back pain, knee pain, headaches, coughs and sinus pressure...
>
> Treatment records from the Veterans Administration (VA) hospital demonstrate treatment from May 2005 through February 2007 for diagnosed posttraumatic stress disorder, deviated nasal septum, osteoarthritis, lumbago, rhinitis, chronic sinusitis and diverticulosis of the colon...  Claimant was diagnosed with a generalized anxiety disorder ... denoting only a mild impairment in social or occupational functioning...  Claimant reported depression and anxiety and various musculoskeletal complaints. Physical examinations produced unremarkable findings...
>
> Because the claimant had medically determinable mental impairments during the relevant period December 9, 2004 to October 8, 2006 ...[their severity has been evaluated]...

> The undersigned ... finds that the claimant remained capable of routine activities of daily living and there was no medical evidence to establish a severe impairment that would in any way have limited his ability to perform basic work-related functions during the relevant period...
>
> The undersigned has also considered the claimant's complaints of pain ... but find that the allegations of significant limitations in the ability to perform basic work activities is not credible during the relevant period, December 9, 2004 to October 8, 2006. No physician limited the claimant's activities during this time. The claimant has stated in the record that he was able to perform some household chores, drive, grocery shop and exercise.  The undersigned agrees with the State agency that concluded that the claimant was not disabled prior to October 8, 2006...
>
> The claimant was not under a disability, as defined in the Social Security Act, during the relevant period, December 9, 2004 to October 8, 2006 (R.15-19).

The record demonstrates that the plaintiff was determined to be disabled as of October 8, 2006. However, he seeks to have this conclusion implemented as of December 9, 2004. After examining the record, there is no basis on which to make such a conclusion. Rather the record demonstrates that while the plaintiff suffered a variety of symptoms during that time period, none of them were disabling. Rather he was able to maintain a fairly normal living standard during that time period. Accordingly, we conclude that the determination of the Commissioner that the plaintiff was not disabled prior to October 8, 2006 is supported by substantial evidence.

Summary judgment is appropriate when there are no disputed material issues of fact, and the movant is entitled to judgment as a matter of law.  <u>Bierner v. Calio</u>, 361 F.3d 206 (3d Cir.2004).  In the instant case, there are no material factual issues in dispute, and it appears that the Commissioner's  conclusion is supported by substantial evidence.  For this reason, it is recommended that the plaintiff's motion for summary judgment be denied; that the defendant's

motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Within fourteen (14) days after being served with a copy, any party may serve and file written objections to the report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                    Respectfully submitted,

                                                    s/ ROBERT C. MITCHELL,
                                                    United States Magistrate Judge

Dated: May 5, 2010